**CLEGG MOTORS, a partnership of John W. Clegg and Ted N. Clegg and Individually, Appellant,**

v.

**James J. SCHRIMSCHER, Appellee.**

No. 6896.

Court of Civil Appeals of Texas.

Beaumont.

April 27, 1967.

————◆————

Lamson & Plessala, Port Arthur, for appellant.

Peterson & Neumann, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages against Clegg Motors for negligent repairs to plaintiff's automobile. Trial was before the court and judgment was rendered for plaintiff. Other defendants and other causes of action were involved in the trial court, but are not on appeal here. The parties will be referred to here as they were in the trial court.

The points of error complained of are that there was no evidence to support a judgment that defendant was guilty of negligence or that such negligence was a proximate cause of the damages to plaintiff's automobile, and also that there was insufficient evidence to support a judgment that defendant was guilty of negligence or that such negligence was a proximate cause of the damages.

The negligence alleged in plaintiff's petition was as follows:

"Thereafter Clegg Motors undertook the obligation of repairing such automobile and performed such task in a negligent manner in that it failed to inspect and repair the right wheel on such vehicle after ascertaining the left was defective and in need of repair."

No findings of fact nor conclusions of law were requested.

We first consider the "no evidence" points, and the testimony favorable to the judgment. Plaintiff's wife, Mrs. James J. Schrimscher, testified as follows: That in November, 1961, she and her husband purchased a 1962 Mercury automobile from Clegg Motors in Beaumont. About two and a half weeks before the car burned, she noticed a roaring noise in the rear end. August 7, 1962, two weeks before the fire, she drove the automobile from Crystal Beach to Beaumont. Upon arriving in Beaumont she noticed the right rear wheel was smoking. She called defendant's service manager and told him about the roaring and smoking in the right rear wheel. She asked that the automobile be towed to Port Arthur and was told that it would have to be driven, which she did. The service manager drove the car around and said it was the rear end and asked plaintiff's wife to wait in the waiting room. That forty or forty-five minutes later the service manager came back and told her the car had been fixed and was ready and that she wouldn't have any more trouble like she had been having. She drove the car back to Crystal Beach, a distance of 65 or 70 miles, and it was still making the noise. She drove the car at the beach to the grocery store each day, a distance of 6 or 8 blocks. On August 21, 1962, while driving the car back toward Beaumont, along about Winnie, the car sounded like it was missing. Then it felt like a tug on the car, and she found she had no brakes. She brought the car to a stop and smoke began to come from underneath it. It caught on fire at the right wheel and completely burned up. She was not driving with the handbrake on.

T. E. Neff testified as follows: That he had been in the auto repair business for 16 years, and in this trade for 20 years. One of his drivers picked up this automobile after the fire and he inspected the rear end. He personally pulled the axle and inspected the bearing and found it to be defective on the right side. The bearings were

flat, oblong, egg-shaped and chipped. The bearings were in bad shape, and he would not expect them to get in that condition in a short period of time. Mileage had put them in that shape. In his opinion anyone inspecting the bearings 200 miles before should have been able to find out they were bad. In his opinion the wheel bearing caused the fire. In response to how it was caused, he gave this testimony:

"A. In other words, when the bearing failed, it let the brake shoes in the drum ride; which created friction. It created so much friction in there that it ignited the brake fluid in the wheel cylinder —in other words, causing a failure of the wheel cylinder. That's when you get your flames. And more fluid poured in there causes more of a flame there."

Neff testified further as follows: He also checked the bearings on the left side at the same time and found them to be perfect. That it takes time for a bearing to go out, and there is usually a roaring as a warning. When an automobile is brought into a shop with a roaring noise in the rear end it is usually the bearing. In order to check to see if it is the bearings the automobile is jacked up and the wheels are turned and if you have a defective bearing, you can pick up a roar. You can single it out as to which side. It is pretty easy to detect with the naked ear. That each side is invariably checked in making this test, which can be done in 5 minutes. If it is difficult to tell, the bearings are removed and examined. If a bearing is removed, and a new bearing installed, the wheel should be checked again, first by turning it manually, and then by road-testing the car.

■ This, and other evidence in the record, supported the judgment of the trial court that defendant was guilty of the negligence alleged by plaintiff, which proximately caused the damages complained of.

■ In passing upon the "insufficiency of the evidence" points, we considered the entire record. There is evidence that defendant's service manager and mechanic found the left wheel bearings to be defective and they were replaced. There is evidence that it is highly unusual for the bearings on each side to go bad at the same time or within two weeks of the other. There is also evidence from an expert witness that a handbrake being set or partially set could cause a fire similar to the one in this case. However, none of this evidence is conclusive as to either negligence nor proximate cause, and did no more than raise issues of fact for the court to determine, which it did, adversely to defendant. These points are overruled.

■ Defendant also contends the trial court erred in rendering its judgment because the testimony established as a matter of law that plaintiff's wife was guilty of negligence in operating the automobile, and that such negligence was a proximate cause of the damages. This contention is based primarily upon the fact that plaintiff and his wife owned another Mercury automobile which also had the same noise and the same trouble. It is argued that inasmuch as plaintiff's wife had heard such noise before in the first automobile and had found out it was bearing trouble that she was guilty of contributory negligence as a matter of law in driving the present automobile under the circumstances. The record shows that plaintiff's wife was not a mechanic, but a housewife. Considering the testimony favorable to the judgment of the court, the evidence supported an implied finding by the court that plaintiff's wife was not guilty of contributory negligence proximately causing the damages.

Affirmed.